UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL NO. 1:08-CR-00314-2 |
| | : |
| CLIFTON SHIELDS, | : |
| Defendant | : |
| | : |

*M E M O R A N D U M*

Pursuant to 28 U.S.C. § 2255, Defendant has filed a *pro se* motion attacking his sentence for felony drug crimes.  Defendant's pending motion is premised upon *Johnson v. United States*, 135 S.Ct. 2551 (2015), holding that the residual clause contained in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

This pending motion, however, is Defendant's second under 28 U.S.C. § 2255, after his criminal judgment became final on October 31, 2011.  Defendant's first § 2255 motion, (Doc. 173), filed on January 4, 2013, was dismissed as untimely on May 23, 2013.  (Doc. 193).  Since that dismissal qualifies as an adjudication on the merits, see *Pierce v. United States*, No. 14-758, 2015 WL 4653326, at *2-*3, n. 1 (D.N.J. Aug. 6, 2015), we lack jurisdiction to consider the pending § 2255 motion, his second, absent certification from the Third Circuit, which appears nonexistent.  See 28 U.S.C. §§ 2254(h)(1), (2); 28 U.S.C. §§ 2244(3)(B), (C); *Pelullo v. United States*, 352 F. App'x 620, 625 (3d Cir. 2009)("Absent our prior [certification], the District Court lacked jurisdiction to consider the successive § 2255 motion.")(citations omitted).  Accordingly, we must either dismiss the pending § 2255 motion or transfer it to the Third Circuit.  See *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) (stating that if a habeas petitioner erroneously

files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option[s are] to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

Based on the contents of Defendant's motion, we opt for dismissal. We opt for dismissal because, regardless of whether *Johnson* might be retroactively applicable on collateral review, see *Ruiz v. Ebbert*, No. 15-1612, 2015 WL 5997105, at *2 (M.D. Pa. Oct. 14, 2015)(recognizing that the Third Circuit has not addressed this issue), and also applicable to the Sentencing Guidelines[1], see *United States v. Doe*, 2015 WL 5131208, at *14 n. 11 (3d Cir. Sept. 2, 2015)(indicating that this issue also remains unaddressed), the holding and ramifications of *Johnson* would not be applicable to Defendant's case. Indeed, although the residual clauses in the ACCA and § 4B1.2(a)(2) are identical, see *Mabry v. Shartel*, 2015 WL 7273817, at *2 n. 4 (3d Cir. Nov. 18, 2015)(noting that the ACCA and § 4B1.2 contain identically worded residual clauses defining violent crimes), there is no evidence to suggest that Defendant was specifically sentenced as a career offender under the residual clause contained in § 4B1.2(a)(2). To that end, there are no references to said residual clause in the Presentence Report, the addendums to the Presentence Report, the sentencing transcript, or the sentencing papers filed on the Docket.[2] What's more, the *elements* for the crime of robbery in Maryland, for which Defendant was previously convicted, and for which we considered when sentencing Defendant as a career offender, (see Doc. 144 at 3-4, 12), qualifies the crime as a "crime of violence," as defined in

---

[1] Defendant was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines. Section 4B1.2 of the Guidelines provides a definition to the phrase "crime of violence," as listed in § 4B1.1.

[2] Defendant does not argue that he was sentenced as a career offender under the ACCA, nor could he since he was not convicted of violating 18 U.S.C. § 922(g).

§ 4B1.2(a)(1).  See, e.g., *Hines v. United States*, 2011 WL 6945713, at *2 (D. Md. Dec. 30, 2011)(defining the crime of robbery under Maryland law and agreeing with the Government that even an attempted robbery conviction under Maryland law meets the definition of a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) and (ii)).[3]  Moreover, Defendant does not complain about the other prior conviction we took into consideration.  Thus, since *Johnson* appears otherwise inapplicable, we find that the interests of justice do not warrant a transfer of this motion to the Third Circuit.

Accordingly, Defendant's motion will be dismissed for lack of jurisdiction, for his failure to obtain certification from the Third Circuit to file this second § 2255 motion.  We will also deny a certificate of appealability.  Moreover, we advise Defendant that he has the right for 60 days to appeal our Order denying his § 2255 motion, see U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the Third Circuit.  See Fed.R.App.P. 22.  An appropriate Order will follow.[4]

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date Filed: December 9, 2015

---

[3]   Section 924(e)(2)(B)(i) of the ACCA contains identical language as that contained in § 4B1.2(a)(1) of the Sentencing Guidelines.

[4]   Alternatively, Defendant has the option of applying directly to the Third Circuit for certification.