## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | 1:08-CR-314 |
| v. | : | |
| | : | (JUDGE MANNION) |
| CLIFTON SHIELDS, | : | |
| Defendant | : | |

## **MEMORANDUM**

On April 12, 2019, defendant Clifton Shields filed, through counsel, a motion to reduce his 360-month sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("FSA").[1] In particular, Shields filed a motion for a resentencing hearing pursuant to §404 of the FSA. (Doc. 251). He simultaneously filed a brief in support. (Doc. 252). The government filed its response on May 28, 2019. (Doc. 257). Shields filed his reply on June 11, 2019, with an exhibit attached, namely a copy of a transcript from a resentencing hearing under the FSA in United States v. Potts, a Southern

---

[1]Section 404 of the FSA, which "permits the district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372", "is the only provision that applies retroactively to defendants who have already been sentenced." United States v. Powell, 2019 WL 1521972, *3 n.1 (E.D.Ky. April 8, 2019). Also, §404(b) of the FSA "only amended the statutory sentencing ranges for crack cocaine offenses." Id. As such, the FSA made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine.

1

District of Florida case.[2] (Docs. 258 & 258-1). On June 13, 2019, Shields filed his BOP Individualized Reentry Plan - Program Review reflecting his achievements in prison and his rehabilitation efforts. (Doc. 259). Shields then filed supplemental exhibits which included copies of certificates and achievements from various programs, trainings and courses he has completed in prison. (Doc. 260).

After considering the briefs of the parties, Shields's motion for a resentencing hearing and for a reduction of sentence under the FSA will be **GRANTED IN PART** and, **DENIED IN PART**.

**I.     BACKGROUND**

Shields was found guilty by a jury of Count 1, conspiracy to distribute and possess with intent to distribute heroin and 50 grams and more of cocaine base, ("crack"), in violation of 21 U.S.C. §§841(a), 841(b)(1)(A)(iii) & 846, and Count 3, distribution and possession with intent to distribute 50 grams and more of cocaine base,("crack"), in violation of 21 U.S.C. §841(a)(1) and (b)(1)(A)(iii). Shields was acquitted of Count 5, use and possession of a firearm in relation to and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §924(c)(1)(A). Also, the jury specifically found that both Counts

---

[2]In United States v. Potts, 2019 WL 1059837 at *2 (S.D.Fla. Mar. 6, 2019), the court held that the FSA did not "expressly" provide for plenary resentencing or reconsideration of prior sentencing decisions, but on April 26, 2019, it held a sentence hearing with the presence of the defendant.

2

1 and 3 involved 50 grams or more of crack cocaine. During the relevant time, Shields faced a statutory penalty of 10 years to life, with a 5-year minimum term of supervised release. 21 U.S.C. §841(b)(1)(A)(iii).

In the PSR, the Probation Office determined that Shields's offense involved at least 7.6 (212.8 grams) ounces of cocaine base and 3.7 grams of heroin, and that his base offense level under U.S.S.G. §2D1.1 was 32. The Probation Office also assessed Shields a 2-level enhancement because a dangerous weapon was possessed in connection with the drug conspiracy, resulting in a total offense level of 34 under Section 2D1.1. Shields also had two prior qualifying convictions and he was found to be a career offender under U.S.S.G. §4B1.1. Shields's offense level under §4B1.1 was 37. Since he was a career offender, Shields's criminal history category was VI. As such, Shields's guideline range was 360 months to life imprisonment.

On April 30, 2009, the court denied Shields's objection to the PSR classifying him as a career offender and sentenced Shields to 360 months imprisonment on Counts 1 and 3, to run concurrently, followed by five years of supervised released on Counts 1 and 3, to be served concurrently. (Doc. 108).

Shields appealed and the Third Circuit affirmed his conviction and sentence. *See* United States v. Shields, 415 Fed.Appx. 437 (3d Cir. 2011).

## II. DISCUSSION

In his present motion, Shields seeks a reduction in his 360-month

sentence under §404 of the FSA. He also seeks a plenary resentencing hearing in which he can argue that his sentence should be reduced under the FSA and that he is no longer a career offender. Further, he requests a resentencing hearing with his presence for consideration of the §3553(a) factors for a variance. The government states that although Shields is eligible for a reduction in his sentence under §404 of the FSA, it is within the court's discretion whether to grant him a reduction. The government also "submits that Shields's sentence should be reduced to a term within the amended range of 262 to 327 months imprisonment." The parties also dispute whether a hearing by the court is necessary.

In <u>United States v. Davis</u>, 2019 WL 1054554, *1 (W.D.N.Y. March 6, 2019), the court addressed the FSA and explained:

> Section 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act of 2010 ("the Fair Sentencing Act"), Pub. L. 111-220, 124 Stat. 2372, 2372 (2010). Section 2 of the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." <u>Dorsey v. United States</u>, 567 U.S. 260, 269, 132 S. Ct. 2321, 183 L.Ed. 2d 250 (2012). Section 3 of the Fair Sentencing Act eliminated the 5-year mandatory minimum sentence for simple possession of crack cocaine. *See id.*
>
> The First Step Act permits a court that imposed a sentence for a "covered offense" to now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentence Act of 2010" were in effect at the time the "covered offense" was committed. First Step Act, §404(b). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before August 3, 2010. First Step Act, §404(a).

Shields's motion falls under 18 U.S.C. §3582(c)(1)(B), "which permits modification of an imposed term of imprisonment to the extent expressly permitted by statute." *Id*. at *2. *See also* United States v. Crews, 2019 WL 2248650, *4 (W.D.Pa. May 24, 2019) ("The court's limited authority to reduce defendant's sentence under the First Step Act is provided by 18 U.S.C. §3582(c)(1)(B).").

No doubt that Shields was convicted of a "covered offense" committed before August 2, 2010, and the Fair Sentencing Act reduces his statutory penalties. *See* Davis, 2019 WL 1054554, *3 ("To be eligible for relief under the First Step Act, a defendant must have been convicted of a 'covered offense' committed before August 3, 2010."); United States v. Copple, 2019 WL 486440 (S.D.Ill. Feb. 7, 2019) ("Section 404 [of the FSA] allows the Court to reduce a defendant's sentence for a crack cocaine offense" and, the FSA "only changed the statutory penalty range for certain crack cocaine offenses."). Thus, there is no dispute that Shields is eligible for relief under the FSA.

However, §404(c) provides that, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." As such, it is within the court's discretion whether to grant Shields a sentence reduction under the FSA. *See* United States v. Glore, — F.Supp.3d —, 2019 WL 1060838, *2 (E.D.Wis. 2019) ("The [FSA] does not mandate sentence reductions for defendants who meet these qualifications; it leaves to the court's discretion whether to reduce their sentences."); Crews, 2019 WL

5

2248650, *4 ("If a district court determines that a defendant is eligible for relief under the First Step Act, the district court may exercise its discretion to reduce the defendant's sentence.") (string citations omitted). As the court in Glore, *id*., also pointed out, the FSA does not "reduce the statutory penalties for [eligible] defendants; it does not retroactively subject such defendants to the lower statutory minimums and maximums created by the Fair Sentencing Act." Rather,"[the FSA] allows courts only to resentence eligible defendants as if the reduced minimums and maximums had been in effect when the defendants committed their offenses and were sentenced." *Id*.

At the time of Shields's sentencing in 2009, an offense involving 50 grams or more of crack, such as Shields's offense, required a statutory sentencing range of ten years to life imprisonment, and a mandatory 5-year term of supervised release. *See* United States v. Tucker, 356 F.Supp.3d 808, 809 (S.D. Iowa 2019) (citing 21 U.S.C. §841(b)(1)(A)). "Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger a sentencing range of ten years to life from fifty grams to 280 grams. *Id*. (citing §2(a)(1), 124 Stat. at 2372; see 21 U.S.C. §841(b)(1)(A)–(B) (2012)). Thus, under the Fair Sentencing Act, an offense involving less than 280 grams of crack carries a 5-year statutory mandatory minimum sentence and a statutory maximum sentence of 40 years. 21U.S.C. §841(b)(1)(B). As such, since Shields's offense involved 212.8 grams of crack if the Fair Sentencing Act is retroactively applied to him, as required by §404 of the FSA, Shields now has a statutory sentencing range of a mandatory minimum of five years to a

6

statutory maximum of forty years, with a mandatory four-year term of supervised release. *See id.* (citing 21 U.S.C. §841(b)(1)(B)). *See also* Glore, 2019 WL 1060838 *7 ("Forty years is the statutory cap that governs this court's resentencing of [Shields]."); United States v. Simons, — F.Supp.3d —, 2019 WL 1760840,*6 (E.D.N.Y. April 22, 2019) ("The term of imprisonment for [conspiracy to distribute more than 50 grams of crack cocaine] may, in this court's discretion, be reduced to five years—the current mandatory minimum for trafficking between 28 to 280 grams of crack cocaine under §841(b)(1).") (citing FSA, §404(b)).

> As the government states, (Doc. 257 at 6):
>
> Shield[s]'s guideline range is also lowered by application of the Fair Sentencing Act. As he is a career offender, Section 4B1.1 sets an offense level of 37 for those offenses punishable by a statutory maximum sentence of life, and an offense level of 34 for those offenses punishable by a maximum sentence of at least 25 years. The Fair Sentencing Act thus reduces the career offender offense level for Shields from 37 to 34 under Section 4B1.1(b), which results in a guideline range of 262 to 327 months imprisonment [combined with a criminal history category of VI].

*See* Tucker, 356 F.Supp.3d at 809.

Even though the court can consider a variance for Shields below his current guideline range of 262 to 327 months under §404 of the FSA and 18 U.S.C. §3582(c)(1)(B), "Section 404(b) of the First Step Act says that a court 'may' impose a reduced sentence", and "[t]he statute leaves it up to the court to decide whether to reduce an eligible defendant's sentence." Glore, 2019 WL 1060838 *6. In fact, "[t]he government agrees that in determining whether

to reduce the sentence of a qualifying defendant under the [FSA], a court should consider the sentencing factors set forth in Section 3553(a)." (Doc. 257 at 7).

Further, the government states that it "has no objection to a reduction in [Shields's] sentence to 262 months, the low end of the current total range of 262 to 327 months", particularly since "[t]he sentencing judge determined that the bottom of the Guidelines range was appropriate." (Id.).

However, the parties dispute whether Shields is entitled to a plenary resentencing under the FSA. Shields requests a full resentencing and, he also seeks a variance from his current guideline range based on the §3553(a) factors. Shields further seeks to challenge his career offender classification at a resentencing hearing arguing that his Maryland conviction for robbery with a deadly weapon no longer qualifies as a predicate offense.[3] The

---

[3]As the court in <u>Crews</u>, 2019 WL 2248650, *7 n. 7, noted:

[Defendant] also argues that under current law he is not considered a career offender. The First Step Act instructs that a court may reduce a defendant's sentence "as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." First Step Act § 404(b). The First Step Act does not permit the court to consider other statutory or sentencing guideline amendments enacted since the date the defendant committed his or her offense. At the time [defendant] committed the instant offense, the sentencing guidelines provided that he was a career offender, U.S.S.G. §4B1.2 (2015), and the First Step Act did not alter that legal conclusion. The court will not, therefore, revisit that issue or consider whether under current law [defendant] would be considered a career offender.

government argues that a full resentencing is not required.[4]

As the court in Crews, 2019 WL 2248650, *5, recently explained:

> [A] district court's limited authority to modify defendant's sentence is provided by §3582(c)(1)(B), which, in pertinent part, provides: "the court may modify an imposed term of imprisonment to the extent otherwise **expressly** permitted by statute...." 18 U.S.C. §3582(c)(1)(B) (emphasis added). The **express** provisions of the First Step Act provide this court with the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act ... were in effect at the time the covered offense was committed." First Step Act §404(b). The First Step Act does not expressly authorize a district court to conduct a plenary resentencing of the defendant.

(internal footnotes omitted).

The court in Crews, *id*., then concluded that "[it could not] conduct a plenary resentencing under the First Step Act because the First Step Act specifically provides that the sentencing is limited to imposing a reduced

---

[4]Even though the court will not conduct a plenary resentencing of Shields and will not permit him to challenge his career offender classification, the court concurs with the following assertion, (Doc. 257 at 8), by the government:

> Shield[s]'s Maryland robbery with a deadly weapon conviction qualifies as a crime of violence and a predicate offense for career offender status. *See* United States v. Riley, 856 F.3d 326 (4th Cir. 2017); *see also* United States v. Davis, 2019WL1584634, [*3] (M.D.Pa. April 12, 2019)(Maryland armed robbery conviction constitutes a crime of violence [since the State must prove that "it was committed with the *use* of a deadly or dangerous weapon"] and predicate for career offender status); United States v. Redrick, 841 F.3d 478 (D.C. Cir. 2016) (Maryland common law offense of robbery with a dangerous weapon qualifies as a predicate offense).

9

sentence 'as if sections 2 and 3 of the Fair Sentencing Act' were in effect when the defendant committed the offense." (citing FSA §404(b)).

In arguing that a sentence reduction hearing is not required in Shields's case, the government cites to Dillon v. United States, 560 U.S. 817, 825-26 (2010), for support. The government states that in Dillon, the Supreme Court stated that "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary sentencing proceeding." (Doc. 257 at 11). Thus, the government states that the Court in Dillon, *id*. at 831, held that "a sentencing court considering application of a reduced guideline range should not reconsider any other aspect of the sentencing decision (such as the criminal history calculation challenged there), or grant any variance under the *Booke*r authority. (Id.).

Similarly, in Crews, the government cited to Dillon in support of its argument that the defendant was not entitled to a plenary resentencing. The court in Crews, 2019 WL 2248650, *5 n. 3, noted that:

> In Dillon v. United States, 560 U.S. 817 (2010), the Supreme Court of the United States held that a defendant is not entitled to a plenary sentencing under §3582(c)(2). Section 3582(c)(2) permits a court to modify a final sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582.

However, the court in Crews, *id*., then noted that:

> The analysis in Dillon, however, "[is not] helpful in analyzing the sentence reduction authority Congress has granted the courts through §404[,]" United States v. Rivas, 2019 WL 1746392, at *7

10

(E.D.Wis. Apr. 18, 2019), because defendant is not requesting a reduced sentence based upon an amendment to the sentencing guidelines; rather, defendant requests a reduced sentence "to the extent ... permitted by statute[,]" 18 U.S.C. §3582(c)(1)(B), which is governed by §3582(c)(1)(B)."

This court finds that the distinction drawn by the court in Crews between the holding in Dillon and the court's authority to reduce a sentence under the FSA to be persuasive and, it finds that the government's reliance on Dillon in this case is misplaced. *See* United States v. Coleman, 2019 WL 1877229, \*6 (E.D.Wis. April 26, 2019) (court found that "the reasoning in Dillon isn't helpful in analyzing the sentence reduction authority Congress has granted the courts through §404" since "Dillon analyzed the part of §3582(c) that allows courts to reduce a defendant's sentence....").

Nonetheless, this court concurs with the numerous other courts, including Crews, which have held that no plenary resentencing is required regarding a motion for reduction of sentence under §404(b). As the court in Crews, *id*. at \*5, stated:

> Other district courts that have considered this issue under the First Step Act have held that a defendant is not entitled to a plenary sentencing under §3582(c)(1)(B). *See e.g.*, United States v. Rivas, 2019 WL 1746392, at \*8 (E.D.Wis. Apr. 18, 2019) ("The First Step Act does not "expressly permit" the court to conduct a plenary resentencing."); United States v. Shelton, 2019 WL 1598921, at \*2 (D.S.C. Apr. 15, 2019) ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); United States v. Glover, 2019 WL 1562833, at \*10 (S.D.Fla. Apr. 11, 2019); United States v. Perkins, 2019 WL 1578367, at \*3 (N.D.Iowa Apr. 3, 2019) ("a full resentencing is neither required nor called for"); United States v. Russo, 2019 WL 1277507, at \*1 (D.Neb. Mar. 20, 2019) ("Third, the Court cannot

11

conclude that the First Step Act anticipates a full resentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act.");[5] Davis, 2019 WL 1054554, at *2 ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates.").

*See also* Coleman, 2019 WL 1877229, *8 ("The First Step Act does not 'expressly permit' the court to conduct a plenary resentencing."); United States v. Sampson, 360 F. Supp. 3d 168, 170-71 (W.D.N.Y. 2019) (court found that under the FSA "a full resentencing is neither required nor called for."); United States v. Banuelos, 2019 WL 2191788, *2-*3 (D.N.M. May 21, 2019) ("The majority of courts agree that the First Step Act does not authorize relief based on plenary resentencing issues." The court also "predicts the Tenth Circuit would decline to grant First Step relief based on *Apprendi* and *Alleyne*.") (string citations omitted); United States v. Nance, 2019 WL 2436210 (D.Ne. June 10, 2019) (court denied defendant's request for a plenary resentencing hearing under the FSA); United States v. McKinney, 2019 WL 2053998, *2 (D.KS. May 9, 2019) (court "agree[d] with the majority

---

[5]The court in Crews, *id*. at *5, noted:

The court in Russo explained its rationale for why a defendant is not entitled to a full resentencing under the First Step Act as follows: "If the Court were to engage in such a resentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010." United States v. Russo, 2019 WL 1277507, at *1 (D.Neb. Mar. 20, 2019).

12

of courts that have [held] that the First Step Act does not authorize a full resentencing but only an adjustment of an otherwise final sentence—a 'recalculation of a defendant's Guidelines numbers under the Fair Sentencing Act and a possible sentencing reduction consistent therewith, if warranted.'") (string citations omitted).

Thus, the court finds that Shields is not entitled to a plenary resentencing hearing under the FSA, and his request for such a full resentencing hearing will be denied. *See* Cruz, *supra*.

Next, Shields argues that the court should grant him a variance under §3553(a) from his amended guideline range of 262-327 months imprisonment. In his reply brief, Shields distinguishes the cases upon which the government relies in support of its contention that no hearing should be held and points out that "other courts have held hearings to consider all of the Section 3553(a) factors, including post-sentence rehabilitation, and to listen to the defendant and any family members or others who wished to address the court." For support regarding his request for a hearing, with his presence, for consideration of the §3553(a) factors, Shields cites to a recent case decided in this district, namely, United States v. Rhines, No. 4:01-CR-310, Doc. 355 at 4 (M.D.Pa. June 3, 2019)(Jones, J) ("In this Court's view, the only appropriate way to thoroughly evaluate Rhines' characteristics through the prism of section 3553(a) is to have him appear in open court and provide him with an opportunity to fully allocute."). Shields cites to other cases as well, *see* (Doc. 258 at 4), including United States v. Rose, — F. Supp. —, 2019 WL

2314479 (S.D.N.Y. May 24, 2019).

"[T]he court will determine whether to exercise its discretion to reduce [Shields's] sentence, and, if so, conduct a resentencing limited to consideration of the §3553(a) factors as if sections 2 and 3 of the Fair Sentencing Act were effective on the day [Shields] committed his offense[s] of conviction." Crews, 2019 WL 2248650, *6. The parties agree that the court should consider the sentencing factors provided in 18 U.S.C. §3553(a) in determining if Shields's sentence should be further reduced under the FSA, but the government opposes Shields's request for a variance below the amended range and his request for a hearing.

As the court in Crews, *id.*, explained:

A court must, however, consider the factors set forth in 18 U.S.C. §3553(a) when reducing a sentence; indeed, nothing in the First Step Act of §3582(c)(1)(B) nullified the mandate in §3553(a) that "[t]he court, in determining the particular sentence to be imposed, shall consider" the §3553(a) factors. 18 U.S.C. §3553(a); United States v. Lewis, 2019 WL 2192508, at *20 (D.N.M. May 21, 2019) ("The Court concludes that, although the First Step Act does not require a full resentencing with the defendant present, the First Step Act permits a court to consider the 18 U.S.C. §3553(a) factors in determining whether a First Step Act-eligible defendant's circumstances warrant a sentence reduction, and to what extent the court should reduce his or her sentence."); United States v. Allen, 2019 WL 1877072, at *4 (D.Conn. Apr. 26, 2019) ("Any potential disparity can be considered in deciding whether to grant a sentence reduction under the First Step Act."); United States v. Simons, 2019 WL 1760840, at *7 (E.D.N.Y. Apr. 22, 2019) (finding reduction of the defendant's sentence was warranted after consideration of the §3553(a) factors).

This court finds that in determining whether a sentence reduction is warranted for a First Step Act-eligible defendant, the court should consider

14

the §3553(a) factors. Shields contends that in order to address the relevant factors under §3553(a) a hearing is necessary. In his reply brief, Shields states that he has now been in custody for 10 years and that "[h]e wishes to address the court and present evidence on his post-offense conduct and how he has changed since he was originally sentenced." The government disagrees and argues that no further variance is warranted below the amended range, especially since it is recommending a reduced sentence of 262 months which is the bottom of the amended guideline range.

As indicated, "[t]he First Step Act proceeding in this case is a proceeding involving the reduction of defendant's sentence under §3582(c)(1)(B)." Crews, 2019 WL 2248650, *8. "A plain reading of Rule 43(b)(4) provides that [defendant's] appearance is not required for the court to reduce his sentence under §3582(c)(1)(B)." *Id*. *See also* Coleman, 2019 WL 1877229, *8.

The court, in its discretion and pursuant to §404 of the FSA, will reduce Shields's sentence to 262 months imprisonment on Counts 1 and 3, to run concurrently, followed by a 4-year term of supervised release on Counts 1 and 3, to be served concurrently. This new sentence reduces Shields's term of confinement by 98 months and is the minimum of his new guideline range. As the court in Tucker, 356 F.Supp. 3d at 810, explained, "[t]he First Step Act was passed by Congress, and signed by the President, in an effort to remedy the disproportionately harsh sentences imposed for crack cocaine offenses", and "[h]ad Defendant been subject to his new Guidelines range at the time of

15

his sentencing, the lower range would have been mandatory."

The court finds that the sentence reduction of 262 months imprisonment, which is the bottom of Shields's amended guidelines range, is in the interests of justice and furthers the purposes set forth in 18 U.S.C. §3553(a). The court has considered the relevant §3553(a) factors in setting Shields's new sentence as well as his BOP Individualized Reentry Plan showing the many courses and programs he completed in prison, including his GED, and, that he has "maintained clear institutional conduct" during the time period covered by the Plan. *See* United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (the Third Circuit stated that the third step in the process a district court must follow when imposing a sentence, is that districts courts must "exercise [ ] [their] discretion by considering the relevant [§3553(a)] factors in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines." (citation omitted). Additionally, the court has considered evidence, (Docs. 259 & 260), of Shields's post-sentencing rehabilitation as permitted by Pepper v. United States, 562 U.S. 476, 481, 131 S.Ct. 1229 (2011) ("district court at resentencing may consider evidence of the defendant's postsentencing rehabilitation").

Finally, the court finds that no hearing is required in this case. *See* Tucker, 356 F.Supp. 3d at 810; Glover, 2019 WL 1562833, at *7-10; United States v. Kamber, 2019 WL 399935, *2 (S.D. Ill. Jan. 31, 2019); Perkins, 2019 WL 1578367, at *3; Davis, 2019 WL 1054554, at *2; Shelton, 2019 WL

1598921, at *2; Nance, 2019 WL 2436210 (court considered defendant's post-incarceration conduct, including his participation in educational, vocational, and other rehabilitative programs, when exercising its discretion of whether to reduce a defendant's term of incarceration under the FSA but did not conduct a hearing to consider the §3553(a) factors).

**III.   CONCLUSION**

Based on the foregoing, Shields's motion for a resentencing hearing and for a reduction of sentence under the FSA, (Doc. 251), will be **GRANTED IN PART** and, **DENIED IN PART**. Shields's motion will be **GRANTED** to the extent that, pursuant to §404 of the FSA, the court will reduce Shields's sentence to 262 months imprisonment on Counts 1 and 3, to run concurrently, followed by a 4-year term of supervised release on Counts 1 and 3, to be served concurrently. Shields's motion will be **DENIED** to the extent he seeks a plenary resentencing hearing under the FSA, and to the extent he seeks a hearing for consideration of the relevant factors under §3553(a). An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 10, 2019**
08-314-01.wpd

17